■ In the Matter of WEDBUSH MORGAN SECURITIES, INC., Appellant, v DAVID BRANDMAN, Respondent. [597 NYS2d 39] — Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered January 27, 1992, denying petitioner's application to confirm an arbitration award of the New York Stock Exchange, Inc. and granting respondent's cross-motion to vacate the award, unanimously affirmed, without costs.

The IAS Court properly denied the petition to confirm an arbitration award because the arbitrators' misconduct prejudiced respondent's rights (CPLR 7511 [b] [1]). Although the decision to grant or deny adjournments is generally within the arbitrators' discretion (CPLR 7506 [b]; New York Stock Exchange rule 617) the arbitrators' abuse of that discretion in this case amounted to prejudicial misconduct *(Harwyn Luggage v Henry Rosenfeld, Inc.,* 90 AD2d 747, *affd* 58 NY2d 1063).

Respondent was not duly notified of the arbitration hearing. Due notice requires the arbitrator to "notify the parties in writing personally or by registered or certified mail not less than eight days before the hearing" (CPLR 7506 [b]). Concur—Rosenberger, J. P., Ellerin, Asch and Rubin, JJ.